IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 3:05CV1120-C |
| | ) |
| R.J. CORMAN DERAILMENT | ) |
| SERVICES, LLC, R.J. CORMAN | ) |
| RAILROAD GROUP, and R.J. | ) |
| CORMAN COMPANY, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Comes now the defendant R.J. Corman Derailment Services, LLC, R.J. Corman Railroad Group, and R.J. Corman Company (hereinafter referred to as "R.J. Corman"), and pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, hereby gives notice that this civil action is removed from the Circuit Court of Macon County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division, and in support thereof, states as follows:

1.  On October 25, 2005, plaintiff CSX Transportation, Inc. (hereinafter referred to as "CSX") filed suit in the Circuit Court of Macon County, Alabama, seeking recovery based on negligence, wantonness, breach of contract, breach of warranty, indemnity, and common law indemnity. The plaintiff alleges, among other things, that the defendants started fires and allowed fires to start at the derailment site, has breached the contract by failing to provide trained personnel, breached expressed warranties in the

contract by their alleged negligent and wanton acts, and further allege that defendants are obligated to indemnify and hold harmless CSX against the damages, loss, costs and expenses, including attorneys' fee, claims, demands and causes of action brought against CSX arising from its actions at the Shorter derailment. (See Complaint attached hereto). The summons and complaint were served on defendants on October 28, 2005.

2. A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 exclusive of interest and costs and the action is between citizens of different states. 28 U.S.C. § 1332.

## DIVERSITY OF CITIZENSHIP

3. Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Where such jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, the action is removable, pursuant to 28 U.S.C. § 1441(b), only if none of the parties in interest and served as defendants is a citizen of the state in which the action is brought. To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. McGovern v. American Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975) (per curiam). 28 U.S.C. § 1441(a) permits the removal of cases where diversity of citizenship exists between all named parties, disregarding the citizenship of fictitious party defendants.

4. There is complete diversity between the parties in this case. The plaintiff, CSX is a Virginia corporation and was a Virginia corporation at the time this action was filed and on the date this action was removed. The plaintiff's principal place of business is Jacksonville, Florida, and pursuant to 28 U.S.C. § 1332(c), the plaintiff is a citizen of Virginia and Florida. The plaintiff seeks recovery from defendants R.J. Corman Derailment Services, LLC, R.J. Corman Railroad Group, and R.J. Corman Company. (See Complaint). R.J. Corman Derailment Services, LLC, R.J. Corman Railroad Group, and R.J. Corman Company are Kentucky corporations with their principal place of business in Nicholasville, Kentucky. R.J. Corman Derailment Services, LLC, R.J. Corman Railroad Group, and R.J. Corman Company are citizens of Kentucky. Therefore, the plaintiff and the defendants are completely diverse.

## AMOUNT IN CONTROVERSY

5. In addition to demonstrating the diversity of the parties, the removing party must demonstrate that the amount in controversy exceeds $75,000 exclusive of interest and costs. Where a plaintiff makes an unspecified claim for damages, the defendant may prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Davis v. Franklin Life Insurance Company, 71 F.Supp.2d 1197 (M.D. Ala. 1999).

6. The amount in controversy in the present case is unspecified but will exceed the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Although, the plaintiff's complaint fails to include an ad damnum

clause specifying the amount in controversy, the attached exhibits demonstrate that the amount in controversy clearly exceeds $75,000. Attached hereto as Exhibit 1 is a collection of letters and invoices from plaintiff CSX to this defendant demonstrating that the damages claimed by the plaintiff exceed $600,000. Based upon this evidence, the jurisdictional amount in controversy has been satisfied.

### STATUTORY REQUIREMENTS AND LOCAL RULES

7. The notice of removal is being timely filed within thirty days of service of the petition or process upon this defendant pursuant to 28 U.S.C. § 1446(b), calculated in accordance with Rule 6(a) of the Federal Rules of Civil Procedure.

8. The requisites for removal under 28 U.S.C. Section 1441 have been met.

9. The removing defendant is filing a copy of the Notice of Removal with the Macon County Clerk's office and providing the plaintiff's attorney with written notice of the filing of the Notice of Removal as required by 28 U.S.C. § 1446(d).

10. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, a true and correct copy of all process, pleadings, and orders served on this defendant is attached hereto through the certified copy of the court file from the Macon County Clerk's office which is marked as Exhibit 2.

11. The removing defendant reserves the right to amend and supplement this notice of removal should the Court deem additional information necessary.

            Respectfully submitted,

            _____
            Steven K. Herndon (HER028)
            Andrew W. Christman (CHR024)
            Attorneys for Defendants

OF COUNSEL:
Gidiere, Hinton & Herndon
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104
Telephone: (334) 834-9950

## CERTIFICATE OF SERVICE

  I hereby certify that the above and foregoing was served on the following by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this 22nd day of November, 2005.

Mr. Morris Wade Richardson
Ms. Elizabeth R. Floyd
Adams and Reese/Lange Simpson, LLP
2100 3rd Ave. North, Ste. 1100
Birmingham, AL 35203

            _____
            Counsel