RECEIVED
2005 NOV 30 P 1:56
[illegible stamp]
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: CV-05-1120-C |
| | ) | |
| R.J. CORMAN DERAILMENT SERVICES, LLC, R.J. CORMAN RAILROAD GROUP, and R.J. CORMAN COMPANY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF R.J. CORMAN RAILROAD GROUP, LLC

Comes now defendant R.J. Corman Railroad Group, LLC and in response to the complaint state as follows:

**Factual Response**

This defendant admits that it is a Kentucky limited liability company with its principal place of business in Nicholasville, Kentucky. This defendant further admits that R.J. Corman Derailment Services, LLC is a wholly owned subsidiary. This defendant denies entering into any contract with CSX Transportation, Inc. and further denies that it is responsible for any acts, omissions, or contractual obligations of its wholly owned subsidiary or the acts, omissions, or obligations of that company's agents or employees. This defendant denies all other allegations of the complaint, including all claims of wrongdoing, pleads the general issue, and demands strict proof thereof.

## Affirmative Defenses

### FIRST DEFENSE

The defendant pleads that the complaint fails to state a claim against this defendant upon which relief can be granted because it did not enter into any contract with the plaintiff CSX Transportation, Inc.

### SECOND DEFENSE

The defendant pleads that wholly owned subsidiary R.J. Corman Derailment Services, LLC is a separate and distinct entity and denies that it is responsible for any of the acts, omissions, or contractual obligations of that company or the acts or omissions of that company's agents or employees.

### THIRD DEFENSE

This defendant is not the "alter ego" nor does it control or retain the right to control the day-to-day business operations of R.J. Corman Derailment Services, LLC. There is no respondeat superior or vicarious liability between these defendants.

### FOURTH DEFENSE

The defendant pleads the general issue, denies the material allegations of the complaint not herein specifically admitted, and demands strict proof thereof.

### FIFTH DEFENSE

This defendant avers that the alleged injuries and damages of the plaintiff were caused or contributed to by the negligence, fault, or want of care of the plaintiff.

## SIXTH DEFENSE

This defendant avers that the alleged injuries and damages of the plaintiff were caused by the plaintiff's own assumption of the known and appreciated risks.

## SEVENTH DEFENSE

The defendant pleads that this action is barred by the statute of limitations.

## EIGHTH DEFENSE

The defendant pleads that the claims in this case, including the claim for indemnification, are not ripe for adjudication.

## NINTH DEFENSE

To the extent the plaintiff is seeking indemnity for its own negligence, wrongful conduct, or liability, that is contrary to public policy and not enforceable.

## TENTH DEFENSE

The defendant pleads that the there is no causal connection between the alleged acts or omissions of this defendant and the plaintiff's claim of damages.

## ELEVENTH DEFENSE

The defendant pleads that the damages sought by the plaintiff are not lawfully recoverable and/or were not within in the contemplation of the parties.

## TWELFTH DEFENSE

The defendant pleads that to the extent applicable, the plaintiff has failed to mitigate its damages.

## THIRTEENTH DEFENSE

This defendant pleads that it is entitled to the benefits of and protection of Sections 6-11-20 through 6-11-30, <u>Code of Alabama 1975</u> as amended.

## FOURTEENTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and Article I, Section 6 of the Constitution of Alabama on the following grounds:

1. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

2. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

3. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

4.  The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## FIFTEENTH DEFENSE

This defendant pleads that the law of the State of Alabama, by allowing the jury to assess punitive damages without establishing guidelines and/or standards for the exercise of the jury's discretion, allows the jury to exercise a policy-making function which is reserved exclusively for the legislative branch of our government and, therefore, violates the constitutional principle of separation of powers with respect to the Constitution of the United States of America and the Constitution of the State of Alabama, Article III, Sections 42 and 43.

## SIXTEENTH DEFENSE

This defendant pleads that any award of punitive damages to the plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the defendant is entitled to the same procedural safeguards afforded in criminal cases.

## SEVENTEENTH DEFENSE

This defendant pleads that it is violative of the rights guaranteed by the Constitution of the State of Alabama to impose punitive damages against this defendant which are penal in nature by requiring a burden of proof on the

plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## EIGHTEENTH DEFENSE

The claims for punitive damages violates Article I, Section 35 of the Alabama Constitution which grants the legislature the power to determine the extent of punishment applicable to a particular wrong or class of wrong.

## NINTEENTH DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

## TWENTIETH DEFENSE

This defendant pleads that any award of punitive damages to the plaintiff in this cause will be violative of the Eighth Amendment to the Constitution of the United States in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## TWENTY-FIRST DEFENSE

The process by which Alabama courts allow juries to award punitive damages violates the elementary notions of fairness dictated by United States Constitutional law in that it does not provide the defendants with fair notice of what conduct will subject the defendants to punishment nor the severity of the penalty that the state may impose; therefore, the defendants are deprived of their

property without due process of law in contravention of the rights secured to these defendants by the Fourteenth Amendment to the Constitution of the United States of America.

## TWENTY-SECOND DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama deprives these defendants of their property without due process of law in contravention of the rights secured to these defendants by the Fourteenth Amendment to the Constitution of the United States of America in that the procedure does not insure that the punitive damages awarded are reasonably related to the degree of reprehensibility of the defendants' conduct.

## TWENTY-THIRD DEFENSE

The procedure by which the courts of Alabama award punitive damages against defendants violates the due process rights afforded to these defendants by the Fourteenth Amendment to the Constitution of the United States of America in that such procedure allows a significant award of punitive damages when only a modest degree of culpability may be present.

## TWENTY-FOURTH DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama violates the due process rights secured to these defendants by the Fourteenth Amendment to the Constitution of the United States of America in that it does not accord substantial deference to legislative judgments concerning appropriate sanctions for the conduct at issue.

## TWENTY-FIFTH DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama violates the due process rights secured to these defendants by the Fourteenth Amendment to the Constitution of the United States of America in that it does not take into consideration the ratio between the punitive damages awarded and the compensatory damages awarded.

Respectfully submitted,

_____
Steven K. Herndon (HER028)
Andrew W. Christman (CHR024)
Attorneys for Defendants

OF COUNSEL:
Gidiere, Hinton & Herndon
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104
Telephone: (334) 834-9950

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this 30th day of November, 2005.

Mr. Morris Wade Richardson
Ms. Elizabeth R. Floyd
Adams and Reese/Lange Simpson, LLP
2100 3rd Ave. North, Ste. 1100
Birmingham, AL 35203

_____
Counsel

8