IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CSX TRANSPORTATION, INC.,                )
                                         )
           Plaintiff,                    )
                                         )
v.                                       )   Civil Action No.:  CV-05-1120-C
                                         )
R.J. CORMAN DERAILMENT                   )
SERVICES, LLC, R.J. CORMAN               )
RAILROAD GROUP, and R.J.                 )
CORMAN COMPANY,                          )
                                         )
           Defendants.                   )

## ANSWER OF R.J. CORMAN DERAILMENT SERVICES, LLC

Comes now defendant R.J. Corman Derailment Services, LLC, (successor in interest to R.J. Corman doing business as R.J. Corman Company) and in response to the complaint states as follows:

### Response to Factual Allegations

1. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. This defendant admits that it is a Kentucky limited liability company with its principal place of business in Nicholasville, Kentucky, but denies that it does business in Macon County, Alabama.

3. This defendant admits that it is the successor in interest to R.J. Corman doing business as R.J. Corman Company in the contract with CSX Transportation, Inc., a copy of which is attached as Exhibit A to the complaint.

4. This defendant admits that it is a wholly owned subsidiary of R.J. Corman Railroad Group, LLC but denies that R.J. Corman Railroad Group, LLC is responsible for the acts, omissions, or contractual obligations of this defendant or this defendant's agents or employees. This defendant denies any other allegations of this paragraph.

5. This defendant admits that it performed certain services at a CSX derailment in Macon County, Alabama, but denies all remaining allegations of this paragraph including, but not limited to, the allegations that this defendant caused or contributed to a fire in the derailment area and demands strict proof thereof.

6. This defendant denies the allegations of this paragraph and demands strict proof thereof.

7. This defendant denies the allegations of this paragraph and demands strict proof thereof.

8. This defendant states that the document attached as Exhibit A to the complaint speaks for itself.

9. This defendant adopts and incorporates its previous responses to the allegations in this paragraph.

10. This defendant denies the allegations of this paragraph and demands strict proof thereof.

11. This defendant adopts and incorporates its previous responses to the allegations in this paragraph.

12. This defendant denies the allegations of this paragraph and demands strict proof thereof.

13. This defendant adopts and incorporates its previous responses to the allegations in this paragraph.

14. This defendant states that the document attached as Exhibit A to the complaint speaks for itself and denies the allegations of this paragraph including, but not limited to, the allegations that the defendant negligently and/or wantonly performed its work under any contract and demands strict proof thereof.

15. This defendant denies the allegations of this paragraph and demands strict proof thereof.

16. This defendant adopts and incorporates its previous responses to the allegations in this paragraph.

17. This defendant states that the document attached as Exhibit A to the complaint speaks for itself and denies the allegations of this paragraph and demands strict proof thereof.

18. This defendant denies the allegations of this paragraph and demands strict proof thereof.

19. This defendant denies the allegations of this paragraph and demands strict proof thereof.

20. This defendant adopts and incorporates its previous responses to the allegations in this paragraph.

21. This defendant denies the allegations of this paragraph and demands strict proof thereof.

22. This defendant denies the allegations of this paragraph and demands strict proof thereof.

23. This defendant denies the allegations of this paragraph and demands strict proof thereof.

24. This defendant denies the allegations of this paragraph and demands strict proof thereof.

25. This defendant denies the allegations of this paragraph and demands strict proof thereof.

**Affirmative Defenses**

FIRST DEFENSE

The defendant pleads that the complaint fails to state a claim against this defendant upon which relief can be granted.

SECOND DEFENSE

The defendant pleads the general issue, denies the material allegations of the complaint not herein specifically admitted, and demands strict proof thereof.

THIRD DEFENSE

This defendant avers that the alleged injuries and damages of the plaintiff were caused or contributed to by the negligence, fault, or want of care of the plaintiff.

## FOURTH DEFENSE

This defendant avers that the alleged injuries and damages of the plaintiff were caused by the plaintiff's own assumption of the known and appreciated risks.

## FIFTH DEFENSE

The defendant pleads that this action is barred by the statute of limitations.

## SIXTH DEFENSE

The defendant pleads that the claims in this case, including the claim for indemnification, are not ripe for adjudication.

## SEVENTH DEFENSE

To the extent the plaintiff is seeking indemnity for its own negligence, wrongful conduct, or liability, that is contrary to public policy and not enforceable.

## EIGHTH DEFENSE

The defendant pleads that the there is no causal connection between the alleged acts or omissions of this defendant and the plaintiff's claim of damages.

## NINTH DEFENSE

The defendant pleads that the damages sought by the plaintiff are not lawfully recoverable and/or were not within in the contemplation of the parties.

## TENTH DEFENSE

The defendant pleads that to the extent applicable, the plaintiff has failed to mitigate its damages.

## ELEVENTH DEFENSE

This defendant pleads that it is entitled to the benefits of and protection of Sections 6-11-20 through 6-11-30, <u>Code of Alabama 1975</u> as amended.

## TWELFTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and Article I, Section 6 of the Constitution of Alabama on the following grounds:

1. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

2. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

3. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

4. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

THIRTEENTH DEFENSE

This defendant pleads that the law of the State of Alabama, by allowing the jury to assess punitive damages without establishing guidelines and/or standards for the exercise of the jury's discretion, allows the jury to exercise a policy-making function which is reserved exclusively for the legislative branch of our government and, therefore, violates the constitutional principle of separation of powers with respect to the Constitution of the United States of America and the Constitution of the State of Alabama, Article III, Sections 42 and 43.

FOURTEENTH DEFENSE

This defendant pleads that any award of punitive damages to the plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the defendant is entitled to the same procedural safeguards afforded in criminal cases.

FIFTEENTH DEFENSE

This defendant pleads that it is violative of the rights guaranteed by the Constitution of the State of Alabama to impose punitive damages against this defendant which are penal in nature by requiring a burden of proof on the

7

plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## SIXTEENTH DEFENSE

The claims for punitive damages violates Article I, Section 35 of the Alabama Constitution which grants the legislature the power to determine the extent of punishment applicable to a particular wrong or class of wrong.

## SEVENTEENTH DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

## EIGHTEENTH DEFENSE

This defendant pleads that any award of punitive damages to the plaintiff in this cause will be violative of the Eighth Amendment to the Constitution of the United States in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## NINETEENTH DEFENSE

The process by which Alabama courts allow juries to award punitive damages violates the elementary notions of fairness dictated by United States Constitutional law in that it does not provide the defendants with fair notice of what conduct will subject the defendants to punishment nor the severity of the penalty that the state may impose; therefore, the defendants are deprived of their

property without due process of law in contravention of the rights secured to these defendants by the Fourteenth Amendment to the Constitution of the United States of America.

## TWENTIETH DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama deprives these defendants of their property without due process of law in contravention of the rights secured to these defendants by the Fourteenth Amendment to the Constitution of the United States of America in that the procedure does not insure that the punitive damages awarded are reasonably related to the degree of reprehensibility of the defendants' conduct.

## TWENTY-FIRST DEFENSE

The procedure by which the courts of Alabama award punitive damages against defendants violates the due process rights afforded to these defendants by the Fourteenth Amendment to the Constitution of the United States of America in that such procedure allows a significant award of punitive damages when only a modest degree of culpability may be present.

## TWENTY-SECOND DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama violates the due process rights secured to these defendants by the Fourteenth Amendment to the Constitution of the United States of America in that it does not accord substantial deference to legislative judgments concerning appropriate sanctions for the conduct at issue.

## TWENTY-THIRD DEFENSE

The procedure by which punitive damages are awarded in the State of Alabama violates the due process rights secured to these defendants by the Fourteenth Amendment to the Constitution of the United States of America in that it does not take into consideration the ratio between the punitive damages awarded and the compensatory damages awarded.

Respectfully submitted,

_____
Steven K. Herndon (HER028)
Andrew W. Christman (CHR024)
Attorneys for Defendants

OF COUNSEL:
Gidiere, Hinton & Herndon
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104
Telephone: (334) 834-9950

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this 30th day of November, 2005.

Mr. Morris Wade Richardson
Ms. Elizabeth R. Floyd
Adams and Reese/Lange Simpson, LLP
2100 3rd Ave. North, Ste. 1100
Birmingham, AL 35203

_____
Counsel

10