IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: CV-05-1120-C |
| | ) |
| R.J. CORMAN DERAILMENT SERVICES, LLC, R.J. CORMAN RAILROAD GROUP, and R.J. CORMAN COMPANY, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## REPORT OF PARTIES' PLANNING MEETING

Come now the parties, Plaintiff CSX Transportation, Inc., and Defendants R.J. Corman Derailment Services, LLC and R.J. Corman Railroad Group, and hereby submit this report of the parties' planning meeting.

1. Pursuant to Federal Rules of Civil Procedure 26(f), a meeting was held on January 4, 2006, and was attended by:

   A. Morris Wade Richardson and Elizabeth R. Floyd for Plaintiff

   B. Steven K. Herndon and Andrew W. Christman for Defendants R.J. Corman Derailment Services, LLC and R.J. Corman Railroad Group.

2. Pre-Discovery Disclosures. The parties will exchange the information required by F.R.C.P. 26(a)(1) within **21 days after the parties' planning meeting which is on or before January 26, 2006.**

3. Discovery Plan. The parties jointly propose to the court the following discovery plan to allow discovery on the following subjects:

Discovery should be allowed on all claims of the plaintiff and all defenses of the defendants, including but not limited to: (a) facts surrounding the derailment at issue, (b) facts surrounding any cleanup or repair activity associated with the derailment, (c) facts associated with damages of plaintiff CSX and/or the land owner, (d) facts regarding the contractual relationship between plaintiff and defendants, (e) facts surrounding litigation previously filed by the landowner against CSX concerning the derailment at issue here, and (f) CSX's right to recover the damages claimed in this case.

A. All discovery commenced in time to be completed by **September 30, 2006, except for witnesses whose names are not revealed until the final witness list or whose names are not revealed in sufficient time for other parties to take a deposition prior to the pretrial, in which case the opposing party may depose those witnesses after the discovery deadline.**

B. Maximum of 50 interrogatories by each party to any other party.

C. Maximum of 30 requests for admissions by each party to any other party.

D. Maximum of 20 depositions by the plaintiff and 20 deposition by defendants.

E. Each deposition limited to a maximum of 8 hours, unless extended by agreement of the parties.

  F. Reports from retained experts under Rule 26(a)(2) due:

    a. From plaintiff by **May 3, 2006; the plaintiff shall tender experts for deposition within 30 days thereafter.**

    b. From defendants **July 7, 2006; the defendant shall tender experts for deposition within 30 days thereafter.**

  **Each party shall bear the costs of its own experts.**

  C. Supplementations under Rule 26(e) due **according to the Federal Rules of Civil Procedure.**

 4. Other Items.

  A. The parties do not request a conference with the court before entry of the scheduling order.

  B. The parties request a pretrial conference on or about **October 30, 2006**.

  C. The parties should be allowed until **July 2, 2006,** to join additional parties and until **July 2, 2006,** to amend the pleadings.

  D. All potentially dispositive motions should be filed by **90 days before pretrial**, which is August 1, 2006.

  E. Settlement cannot be evaluated at this date.

  F. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due by **November 4, 2006.** Parties should have **14** days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

3

      G.    The case should be ready for trial by **December 4, 2006** and at this time is expected to take approximately **three days for trial**.

Date: January 5, 2006

                          /s/ Elizabeth R. Floyd
                          MORRIS WADE RICHARDSON
                          ELIZABETH REDDING FLOYD
                          Attorneys for Plaintiff,
                          CSX Transportation, Inc.

OF COUNSEL:
Adams and Reese LLP / Lange Simpson
2100 3rd Avenue North, Suite 1100
Birmingham, AL 35203
Telephone: (205) 250-5000
wade.richardson@arlaw.com
elizabeth.floyd@arlaw.com

                          AND

                          /s/ Steven K. Herndon
                          STEVEN K. HERNDON
                          ANDREW W. CHRISTMAN
                          Attorneys for Defendants

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104
Telephone: (334) 834-9950
s.herndon@ghhdefenselaw.com
d.christman@ghhdefenselaw.com