IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: CV-05-1120-C |
| | ) |
| R.J. CORMAN DERAILMENT | ) |
| SERVICES, LLC, R.J. CORMAN | ) |
| RAILROAD GROUP, and R.J. | ) |
| CORMAN COMPANY, | ) |
| | ) |
| Defendants. | ) |

<u>JOINT MOTION TO STAY DEADLINES FOR MEDIATION</u>

Come now plaintiff CSX Transportation, Inc. and defendants R.J. Corman Railroad Group, LLC and R.J. Corman Derailment Services, LLC, (collectively referred to as "R.J. Corman") and jointly move this Honorable Court to stay the deadlines established in the January 6, 2006, Uniform Scheduling Order so the parties may mediate this case without incurring additional litigation costs and in support thereof state as follows:

1. CSX and R.J. Corman have an ongoing business relationship whereby R.J. Corman, from time to time, serves as a derailment clean-up contractor for CSX.

2. In this case, CSX alleges that R.J. Corman caused a fire during a Macon County derailment clean-up which damaged CSX's real and personal property, cargo being hauled by CSX and property owned by Macon County resident Robert Cheek. Mr. Cheek previously filed suit against CSX seeking recovery for damages caused to his

Case 3:05-cv-01120-WKW-CSC   Document 19   Filed 07/17/2006   Page 2 of 3

property. CSX settled that case and asserts that settlement and/or portions of it along with litigation costs in this action. R.J. Corman disputes and denies CSX's allegations in this case, and there is a bona fide dispute as to liability and damages in this case.

3. The parties are interested in mediating this case to see if it can be resolved without further litigation costs. Various CSX, R.J. Corman, and other contractor personnel who are material witnesses to the derailment and the derailment clean-up are now located in various places throughout the southeast region, and it will require costly depositions to formally address the complex issues contained in this case. In addition, plaintiff and defendant August expert disclosure deadlines will bring a new level of costs to this case which may further prevent the parties from being able to resolve their differences.

4. The parties request a stay of all deadlines to allow them to mediate the case and to conduct any informal discovery and/or pre-mediation meetings that might by useful in helping the parties resolve their differences. The parties further request the Court to allow them to report within three (3) months or by Friday, October 20, 2006, as to the progress of the mediation and/or whether the Court should enter a new scheduling order and trial date. The parties plan to jointly select a mediator who will assist them in discussing the issues and mediating this case.

WHEREFORE PREMISES CONSIDERED, the parties jointly and respectfully request this Honorable Court to stay all deadlines in the Uniform Scheduling Order and to permit the parties to report by October 20, 2006, as to the status of their mediation and/or whether the Court should enter a new scheduling order and trial date.

        Respectfully submitted,

        s/ M. Wade Richardson
        M. Wade Richardson
        Elizabeth R. Floyd
        Attorneys for Plaintiff

OF COUNSEL:
Adams and Reese/Lange Simpson, LLP
2100 3rd Ave. North, Ste. 1100
Birmingham, AL 35203

        AND

        s/ Steven K. Herndon
        Steven K. Herndon (HER028)
        Andrew W. Christman (CHR024)
        Attorneys for Defendants

OF COUNSEL:
Gidiere, Hinton, Herndon & Herndon
904 Regions Tower
60 Commerce Street
Montgomery, AL 36104
Telephone: (334) 834-9950